567-07/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
ALPHA SHIP GMBH & CO KG MS'NEPTUN'
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LOUIS DREYFUS CORPORATION,　　　　　　　　　　07 CV 6622 (WHP)
　　　　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　**ANSWER with CROSS-CLAIM**

　　- against -

M/V CMA CGM CORTES, her engines,
Boilers, tackle, etc., ALPHA SHIP MANAGEMENT
GMBH & Co., KG, ALPHA SHIP GMBH & CO,
KG MS'NEPTUN', COMPANIA SUD AMERICANA
DE VAPORES S.A. (C.S.A.V.)

　　　　　　　　　　　Defendants.
-----------------------------------------------------------------x

　　　　Defendant ALPHA SHIP GMBH & CO KG MS'NEPTUN' (hereinafter "ALPHA"), through its attorneys Freehill, Hogan & Mahar, LLP, responds to the Complaint of Plaintiff LOUIS DREYFUS CORPORATION, as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

　　　　1.　　DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Verified Complaint.

　　　　2.　　DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Verified Complaint.

NYDOCS1/300652.1

3. ADMITS defendant ALPHA SHIP GMBH & CO. was the owner of the CMA CGM CORTES, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph 3 of the Verified Complaint.

4. DENIES the allegations contained in Paragraph 4 of the Verified Complaint.

5. DENIES the allegations contained in Paragraph 5 of the Verified Complaint.

6. DENIES the allegations contained in Paragraph 6 of the Verified Complaint.

7. DENIES the allegations contained in Paragraph 7 of the Verified Complaint.

8. DENIES the allegations contained in Paragraph 8 of the Verified Complaint.

### FIRST AFFIRMATIVE DEFENSE

9. The Complaint or parts of it fails to state a claim upon which relief can be granted as against answering defendant ALPHA.

### SECOND AFFIRMATIVE DEFENSE

10. Defendant ALPHA is not liable to plaintiff on the causes of action alleged in the complaint.

### THIRD AFFIRMATIVE DEFENSE

11. If there was any loss and/or damage to cargo as alleged in the complaint it was occasioned by causes for which the defendant ALPHA is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

### FOURTH AFFIRMATIVE DEFENSE

12. If this Honorable Court finds that the plaintiff has suffered damages to cargo for which defendant ALPHA is liable, said damages must be limited pursuant to 46 U.S.C.A. § 1304(5).

## FIFTH AFFIRMATIVE DEFENSE

13. If there was any loss of and/or damage to cargo as alleged in the complaint, defendant ALPHA is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

## SIXTH AFFIRMATIVE DEFENSE

14. If there was any loss and/or damage to cargo as alleged in the complaint, it was occasioned by causes for which the defendant ALPHA is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

## SEVENTH AFFIRMATIVE DEFENSE

15. Defendant ALPHA puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

## EIGHTH AFFIRMATIVE DEFENSE

16. (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for the reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B)    Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessel(s), which is denied, defendant ALPHA is not liable therefore.

### NINTH AFFIRMATIVE DEFENSE

17.    Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

### TENTH AFFIRMATIVE DEFENSE

18.    Any damages sustained by the plaintiff, as alleged in the complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom defendant ALPHA had and have no direction or control.

### ELEVENTH AFFIRMATIVE DEFENSE

19.    Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

### TWELFTH AFFIRMATIVE DEFENSE

20.    Any injuries that may have been sustained by plaintiff, as alleged in the complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of defendant ALHPA and as such plaintiff is barred from recovery in this action.

NYDOCS1/300652.1                                     4

## THIRTEENTH AFFIRMATIVE DEFENSE

21. Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's complaint, and its recovery, if any, must be diminished in proportion thereto.

## FOURTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff herein has failed to mitigate its damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

23. The forum is inconvenient and the complaint should be dismissed pursuant to the Doctrine of Forum Non Conveniens.

## SIXTEENTH AFFIRMATIVE DEFENSE

24. The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

## SEVENTEENTH AFFIRMATIVE DEFENSE

25. The terms of the bill(s) of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

## EIGHTEENTH AFFIRMATIVE DEFENSE

26. This Court lacks personal jurisdiction of the defendant ALPHA.

### NINETEENTH AFFIRMATIVE DEFENSE

27. Plaintiff has failed to make proper service of process upon defendant ALPHA.

### TWENTIETH AFFIRMATIVE DEFENSE

28. This Answer and Cross-Claim is made without waiver of any jurisdictional defenses or rights to arbitrate or proceed in another forum that may exist between the parties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

29. Defendant ALPHA as owner of the vessel has no liability as the cargo was never laden onboard.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT COMPANIA SUD AMERICANA DE VAPORES S.A. (C.S.A.V.)

30. This is a claim under the Court's Admiralty and Maritime Jurisdiction, and under the Court's diversity and pendent jurisdiction.

31. That at all times mentioned hereafter ALPHA SHIP GMBH & CO KG was and is a corporation duly organized and existing pursuant to the laws of a foreign country.

32. That defendant COMPANIA SUD AMERICANA DE VAPORES S.A. (C.S.A.V.) was and is a corporation organized and existing under the laws of a foreign country.

33. That if plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of defendant C.S.A.V.

34. That if defendant ALPHA is found responsible for any of the loss and/or damage sustained by the plaintiff herein, defendant ALPHA is entitled to indemnification and/or contribution in whole or in part from co-defendant C.S.A.V. for said losses and/or damages including costs and reasonable counsel fees.

**WHEREFORE**, Defendant ALPHA SHIP GMBH & CO KG MS'NEPTUN' demands judgment dismissing the complaint herein, and awarding ALPHA SHIP GMBH & CO KG MS'NEPTUN' costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment against co-defendant C.S.A.V. for all sums which may be recovered by plaintiff against the defendant ALPHA SHIP GMBH & CO KG MS'NEPTUN', as well as fees, disbursements of this action, and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       March 14, 2008

Yours truly,
FREEHILL, HOGAN & MAHAR, LLP

_____
Michael E. Unger, (MU 0045)
Attorneys for Defendant
ALPHA SHIP GMBH & CO KG MS'NEPTUN'
80 Pine Street
New York, NY 10005-1759
Tel: 212 425-1900 / Fax:212 425-1901
Ref: 567-07/MEU

TO:    KINGSLEY, KINGSLEY & CALKINS
Attorneys for Plaintiff
91 West Cherry Street
Hicksville, New York 11801
Attn: Harold M. Kingsley, Esq.
(516) 931-0064

MAHONEY & KEANE, LLP
Attorneys for Defendant
CSAV
111 Broadway, 10th Floor
New York, New York 10006
Attn: Edward A. Keane, Esq.
(212) 385-1422
File No.: 43/3451/B/07/8