```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
LOUIS DREYFUS CORPORATION,                  07 CV 6622 (WHP)

                    Plaintiff,             DECLARATION

       -against-

M/V CMA CGM CORTES, her engines,
boilers, tackle, etc., ALPHA
SHIPMANAGEMENT GMBH & CO., KG, ALPHA
SHIP GMBH & CO. KG MS "NEPTUN",
COMPANIA SUD AMERICANA DE VAPORES S.A.
(C.S.A.V.),

                    Defendants.
----------------------------------------X
```

I, Garth S. Wolfson, hereby declare as follows:

1. I am a partner with the firm of Mahoney & Keane, LLP, counsel of record for defendant COMPANIA SUD AMERICANA DE VAPORES S.A. (CSAV) in this action. Based upon my personal knowledge and my review of the file maintained by my office, I am familiar with the proceedings in this case.

2. Herewith attached are true copies of the following:

   Exhibit A:   Plaintiff's Complaint;

   Exhibit B:   CSAV's ANSWER;

   Exhibit C:   Plaintiff's Discovery Demands on the forum issue;

   Exhibit D:   CSAV's Verified Responses to Plaintiff's Demands on the forum issue; and

   Exhibit E:   Downloads from the websites of plaintiff and its subrogated underwriter.

3. Plaintiff seeks money damages for a short container-load of coffee which was to be moved pursuant to a CSAV bill of lading. (Complaint, Exhibit A; Unsigned Bill of Lading, Exhibit D). The shipment contemplated inland pre-carriage via truck from

Santa Ana, El Salvador to the port of loading, Santo Tomas de Castilla, Guatemala. Id. From there, the cargo was to be loaded aboard the M/V CMA CGM CORTES and delivered at Antwerp, Belgium. Id.

4. Terminales Maritimas del Pacifico, in Guatemala, was retained to perform the trucking. (Verified Answers to Interrogatories, Exhibit D). However, the truck hauling the subject container was hijacked by armed robbers and the driver kidnapped, and later released, in Guatemala. (Translations of Police Reports, Exhibit D).

5. Thus all of the known events, witnesses, and proof material to the dispute concerning this loss are located in Guatemala, as well as, perhaps, nearby El Salvador, and bear no relation whatsoever to the Southern District of New York. (Verified Responses to Demands, Exhibit D).

6. CSAV has also placed Terminales Maritimas del Pacifico on notice of its claim for indemnification. (Claim Notice, Exhibit D). CSAV asserts that any responsibility for the loss would be merely passive, and CSAV believes it has a valid claim over against the trucker, and possibly others, which were charged with performing the actual inland transit. Id.

7. But Your Declarant has been unable to uncover any activity in this District on the part of Terminales Maritimas del Pacifico, which, upon information and belief, is not subject to the personal jurisdiction of this Court.

2

8. Upon information and belief, the nearest outpost of the plaintiff subrogor, LOUIS DREYFUS CORPORATION, is outside of this District, in Wilton, Connecticut. (Website Pages, Exhibit E). LOUIS DREYFUS CORPORATION is a large and established operator in the international coffee business. Id. "Coffee activities are also supported from offices in . . . Guatemala," among other locations around the world. Id. Moreover, the plaintiff subrogated underwriter is, upon information and belief, "[h]eadquartered in Chicago . . . [w]ith an employee base of 43,000 people working in 500 offices in more than 120 countries . . . around the world." Id.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 11, 2008
New York, New York

> Respectfully submitted,
>
> MAHONEY & KEANE, LLP
> Attorneys for Defendant
> COMPANIA SUD AMERICANA DE
> VAPORES S.A.
>
> By: /s/ Garth S. Wolfson
> Garth S. Wolfson (GW 7700)
> 111 Broadway, Tenth Floor
> New York, New York 10006
> (212) 385-1422

3