UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LOUIS DREYFUS CORPORATION,                  07 CV 6622 (WHP)

                    Plaintiff,         RESPONSE TO COMBINED
                                      DEMANDS
    -against-

M/V CMA CGM CORTES, her engines,
boilers, tackle, etc., ALPHA
SHIPMANAGEMENT GMBH & CO., KG, ALPHA
SHIP GMBH & CO. KG MS "NEPTUN",
COMPANIA SUD AMERICANA DE VAPORES S.A.
(C.S.A.V.),

                    Defendants.
------------------------------------X

      PLEASE TAKE NOTICE that Defendant COMPANIA SUD AMERICAN DE VAPORES S.A. ("Defendant"), by its attorneys, MAHONEY & KEANE, LLP, provides, <u>seriatim</u>, the following responses to Plaintiff's Combined Discovery Demands:

<u>GENERAL RESPONSES AND OBJECTIONS</u>

    A.    Each of the general responses and objections listed below are to be considered applicable to and hereby incorporated into each and every response by the Responding Defendant. The assertion of these general objections and responses to individual requests for production shall not be considered a waiver of the remaining general objections.

    B.    Responding Defendant objects to Plaintiff's requests to the extent they purport to require Responding Defendant to conduct an investigation as to the facts not presently within its knowledge.

    C.    Responding Defendant objects to Plaintiff's requests to the extent that they seek information or documents which are not

material and necessary in the prosecution or defense of an action, and otherwise not subject to discovery under the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, and/or applicable orders of this Court.

D.   Responding Defendant objects to Plaintiff's requests to the extent that they seek documents or information which is shielded from discovery by operation of the attorney/client privilege, the attorney work-product doctrine, the business strategy privilege or any other applicable privilege, doctrine or immunity.

E.   Responding Defendant objects to Plaintiff's requests to the extent that they seek information beyond the scope of information which they are required to provide, or impose obligations beyond those permissible pursuant to the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, and/or applicable orders of this Court.

F.   Responding Defendant objects to Plaintiff's requests to the extent that they seek documents or information that is a matter of public record, not in Responding Defendant's possession, custody or control, and to the extent that they seek documents or information in requesting party's possession, custody or control, and/or available through requesting party's own efforts.

G.   Responding Defendant objects to Plaintiff's requests to the extent that they seek information and/or documents which were

generated or prepared in anticipation of this litigation or after the commencement of this litigation.

H.    Responding Defendant objects to Plaintiff's requests to the extent that they are vague, overly broad and/or ambiguous; and to the extent that they require a search which is oppressive, unduly burdensome, expensive, and/or seek information that is duplicative of other information produced in this action.

I.    Responding Defendant objects to Plaintiff's requests to the extent that they seek documents or information constituting trade secrets, or other confidential, research, development, commercial, financial and/or proprietary information. To the extent that such information is otherwise properly demanded by requesting party, Responding Defendant will produce such information consistent with the terms of stipulations and/or orders governing confidential information relevant to this case.

J.    These responses are based upon the information available at the present time from Responding Defendant's file. Responding Defendant reserves the right to rely on any facts, documents or other evidence that may develop or come to Responding Defendant's attention subsequent hereto. Responding Defendant will further continue to review its records and reserve the right to supplement, amend or correct these responses in the event future discovery reveals facts that would justify such supplementation, correction or amendment.

K.    By responding, objecting or making documents available in response to requesting party's demands, Responding Defendant

does not waive and does not intend to waive any objections which they may have about any party's use of these documents and expressly reserve all questions as to competency, privilege, relevance, materiality, admissibility or any other applicable doctrine protecting Responding Defendant's rights as to all documents or information produced herein and its contents. Accordingly, any response or objection inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege or protection. Responding Defendant further reserves the right to object to the other parties' use of produced documents in whole or in part, to the subject matter covered thereby, or for any grounds set forth in these general responses and objections at a later stage of these proceedings.

L.  Nothing stated herein shall be construed as an admission by Responding Defendant in respect to the admissibility or relevance of any issue, claim, defense, fact or document or as an admission of the truth or accuracy of any characterization or document of any kind contained in requesting party's requests. Furthermore, Responding Defendant expressly reserves the right to object to the use of or admissibility of any information provided in response to any request on the grounds of relevance, admissibility and/or any other reason.

M.  Responding Defendant objects to the absence of relevant time periods for the information sought by requesting party on the grounds that it renders requests overbroad, unduly burdensome and oppressive and not relevant to a claim or defense of any party or

to the subject matter involved in this action.

N.  Each specific response is subject to, and without waiver of these General Responses and Objections.

### RESPONSE TO PLAINTIFF'S DOCUMENT DEMANDS

1. Documents Responding defendant has been able to gather with respect to the booking, transportation, and loss of the subject shipment, generated before receiving notice of plaintiff's claim and retaining counsel, are herewith attached as Exhibit A. Responding defendant also refers to disclosures made or to be made by the other parties to this action. Notably, charter parties and vessel documents are expected to be in the possession and control of the co-defendant vessel owners. Responding Defendant will continue to search for responsive materials and reserves the right to supplement, amend or correct these responses.

2. See supra ¶ 1.

3. See supra ¶ 1.

4. See supra ¶ 1.

5. See supra ¶ 1.

6. See supra ¶ 1.

7. See supra ¶ 1.

8. See supra ¶ 1.

9. See supra ¶ 1.

10. See supra ¶ 1.

11. See supra ¶ 1.

12. See supra ¶ 1.

13. See supra ¶ 1.

14. <u>See</u> <u>supra</u> ¶ 1.

15. <u>See</u> <u>supra</u> ¶ 1.

16. <u>See</u> <u>supra</u> ¶ 1.

17. <u>See</u> <u>supra</u> ¶ 1.

18. <u>See</u> <u>supra</u> ¶ 1.

19. <u>See</u> <u>supra</u> ¶ 1.

<u>RESPONSE TO PLAINTIFF'S INTERROGATORIES</u>

1. Responding defendant objects to these interrogatories at this time on the ground that they exceed the scope of interrogatories permitted under Local Rule 33.3. Notwithstanding the above, Terminales Maritimas del Pacifico was responsible for the trucking of the cargo. <u>See</u> Exhibit A.

2. <u>See</u> <u>supra</u> ¶ 1.

3. <u>See</u> <u>supra</u> ¶ 1.

4. Responding defendant objects to these interrogatories at this time on the ground that they exceed the scope of interrogatories permitted under Local Rule 33.3. Notwithstanding the above, responding defendant has been investigating, and will continue to make inquiry into, the matter and, as best as has been currently ascertained, is unaware of any hijackings of CSAV shipments on this route during the period other than the occurrence at issue.

5. <u>See</u> <u>supra</u> ¶ 2.

6. <u>See</u> <u>supra</u> ¶ 1. CSAV is not in possession or control of the trucker's records.

7. <u>See</u> <u>supra</u> ¶ 1.

8. <u>See</u> <u>supra</u> ¶ 6.

9. Responding defendant objects to these interrogatories at this time on the ground that they exceed the scope of interrogatories permitted under Local Rule 33.3. Notwithstanding the above, upon information and belief, Thommen Intertrans AG, in Switzerland, assists in the collection ocean freight.

PLEASE TAKE FURTHER NOTICE that these responses are based upon the information available at the present time from Defendant's file.

PLEASE TAKE FURTHER NOTICE that any inadvertent disclosure found herein of privileged or confidential documents does not represent a waiver of any privilege or confidentiality of Defendant.

PLEASE TAKE FURTHER NOTICE that Defendant reserves the right to rely on any facts, documents or other evidence that may develop or come to Defendant's attention subsequent hereto. Defendant will further continue to review its records and reserves the right to supplement, amend or correct these responses in the event future discovery reveals facts that would justify such supplementation, correction or amendment.

Dated: New York, New York
       February 28, 2008

> MAHONEY & KEANE, LLP
> Attorneys for Defendant
> COMPANIA SUD AMERICAN DE
> VAPORES, S.A.
>
> By: _____
> Garth S. Wolfson (GW 7700)
> 111 Broadway, Tenth Floor
> New York, New York 10006
> (212) 385-1422

7

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

DONNA A. ANCONA being sworn says: I am not a party to the action, am over 18 years of age and reside at Staten Island, NY.

On February 28, 2008, I served a true copy of the annexed **RESPONSE TO COMBINED DEMANDS**

TO: KINGSLEY KINGSLEY & CALKINS
    Attorneys for Plaintiff
    91 West Cherry Street
    Hicksville, New York 11801
    Tel. (516) 931-0064

    FREEHILL HOGAN & MAHAR LLP
    80 Pine Street
    New York, NY 10005-1759
    Tel. (212) 425-1900
    Fax. (212) 425-1901

by dispatching said papers, by Federal Express Priority Overnight delivery service.

_____
DONNA A. ANCONA

Sworn to before me on this
28th day of February, 2008.

_____
Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5075947
Qualified in New York County
Term Expires 04-28-2011