UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOUIS DREYFUS CORPORATION

          Plaintiff,

  -against-

M/V CMA CGM CORTES, her engines,
boilers, tackle, etc., ALPHA SHIPMANAGEMENT
GMBH & CO., KG, ALPHA SHIP GMBH & CO
KG MS 'NEPTUN', COMPANIA SUD AMERICANA
DE VAPORES S.A. (C.S.A.V.)

          Defendants.
------------------------------------------------------------------X

07 Civ. 6622 (WHP)
ECF CASE

DECLARATION OF
STEVEN P. CALKINS, ESQ.
IN OPPOSITION TO
DEFENDANT CSAV'S
MOTION TO DISMISS
FOR *FORUM NON
CONVENIENS*

I, Steven P. Calkins, hereby declare under the penalty of perjury that the following is true and correct as prescribed in 28 U.S.C. §1746:

1. I am an attorney admitted to practice law before this Court and am a member of the law firm of Kingsley, Kingsley & Calkins, attorneys for plaintiff, Louis Dreyfus Corporation, and make this Declaration in opposition to defendant CSAV's motion to dismiss on the grounds of *forum non conveniens*.

2. The Court is respectfully referred to the accompanying Declaration of David Marker, Logistics Manager for plaintiff located in Wilton, CT, and Exhibits nos. 1 through 7 thereto, with regard to the facts of this case, and to the "private factors" of convenience to the witnesses, ease to sources of proof, availability of compulsory process, and deference to plaintiff's choice of forum in the *forum non conveniens* analysis.

3. Attached as <u>Exhibit 8</u> hereto, are copies of CSAV's website pages that inform that CSAV is the largest shipping company in Latin America, which "extended the

scope of its business to the United States, followed by Europe, the Far East and Japan, South-East Asia/Pacific Islands and the east coast of South America," and "ensuring them of reliable carriage of their products to and from the principal areas of the world." (Page 1). The following six pages of the CSAV website print-out lists the locations in the United States where CSAV is present, including "Depots" (28 locations), "Sub Agencies" (3 locations), and most importantly, a single full-blown "Agency" in Iselin, New Jersey that lists 84 employees, all within 25 miles of the Southern District of New York.

    4. Defendant CSAV's attorney, Garth Wolfson, attached to his Declaration as Exhibit D defendant CSAV's Response to the Plaintiff's Combined Discovery Demands, which consists of 19 Requests for Production of Documents and 9 Interrogatories that your declarant prepared and served following the pre-motion conference held on January 18, 2008, at which the Court directed that interrogatories and/or document requests be tailored narrowly to the issues expected to be raised in defendants' motions to dismiss. A copy of Plaintiff's Combined Discovery Demands dated January 23, 2008, is attached as <u>Exhibit 9</u>.

    5. Notably missing from CSAV's Response to plaintiff's document request is the 8 container through bill of lading no. 6HA001847 (#18), the charter party or agreement regarding CSAV's use of the vessel which carried plaintiff's shipment (#8), the booking note for the 8 container shipment (#1), which is referenced at the top of the through bill of lading as "Booking no. 6HA0001725," the receiving records for the eight

containers and the inland waybills and/or trucker's receipts (#2), the agreements or contracts between CSAV and the trucking company (#14), agreements for providing security during the truck move (#15), internal policy manuals or directives concerning inland moves (#16), the security vetting of the truck driver (#17), and the freight invoices and payment records for transport of the 8 containers (#11, 12).

6. Defendant CSAV's motion to dismiss should be denied for its failure to produce these relevant documents, among others, and an adverse inference taken against CSAV that it cannot establish that "central facts, witnesses, and evidence" exist in Guatemala or that the trucking company is liable to indemnify CSAV for this loss. (See, page 9 of CSAV's Memorandum of Law).

7. Defendant CSAV's response to the Interrogatories fare no better, as CSAV's attorney objected that the Interrogatories were not permitted under Local Civil Rule 33.3, in direct contradiction to the Court's allowance of this discovery device as discussed at the pre-motion conference on January 18, 2008. (See, Response to Interrogatories #1, 4 and 9, Exh. D to CSAV's attorney's Declaration).

8. In attempting to ascertain evidence about the trucking company and the truck driver who hauled container no. FSCU3411832 (Interrogatories #1, 2, 3 and 8), defendant's attorney only provided the name of the trucking company with an inappropriate legal conclusion that "Terminales Maritimas del Pacifico was responsible for the trucking." Legally, defendant CSAV is responsible to plaintiff for the entire through transport of the 8 containers from Santa Ana, El Salvador to Antwerp,

including the inland truck move. (See, Marker Exh. 7).

9. Furthermore, in attempting to ascertain the security measures undertaken to protect the shipment during the inland move (Interrogatory #6 and 7), defendant CSAV admits it neither has any records nor controls access to the trucker's records concerning security measures taken to protect plaintiff's cargo. (See, Response to Interrogatory #6, Exh. D to CSAV's attorney's Declaration).

10. Plaintiff submits that on such a paltry evidentiary record defendant CSAV cannot establish either that an adequate alternate foreign forum exists, or that due diligence was exercised by CSAV to care for plaintiff's goods.

11. Indeed, defendant CSAV's attorney has sought to thwart every effort by plaintiff to discover pertinent evidence in this case that could assist the Court, now, in determining what private and public interest factors exist that could possibly justify dismissing this case in favor of proceeding in Guatemala, which plaintiff strenuously opposes.

12. In response to plaintiff's Notice of Deposition under Rule 30(b)(6) and Request for Documents under Rules 30(b)(5) and 34 served prior to the pre-motion conference in January, copy attached as <u>Exhibit 10</u>, CSAV's attorney, without moving for a protective order, improperly refused to produce a witness or documents on specious grounds since CSAV's General Agent is located in Iselin, NJ about 25 miles from this Courthouse. See, CSAV's attorney's letter dated November 20, 2007, attached as <u>Exhibit 11</u>.

13. The Rule 30(b)(6) Notice followed an earlier unsuccessful attempt by plaintiff to narrow the issues in dispute in this case by serving a Notice to Admit, copy attached as <u>Exhibit 12</u>. Defendant CSAV's attorney denied even the most obvious facts of this case in its Response to Notice to Admit, copy attached as <u>Exhibit 13</u>.

WHEREFORE, defendant CSAV's motion to dismiss for *forum non conveniens* must be denied as CSAV has not shown that plaintiff's chosen forum in New York is oppressive and vexatious to defendant, has not shown there is an adequate alternate forum in Guatemala or El Salvador that would apply any laws recognizable to the international shipping community, offers only unauthenticated hearsay as to the events in Guatemala, is unable to identify its alleged key fact witnesses in the alternate foreign forum, or disclose what proposed testimony they could offer, nor has it produced any evidence to support its alleged due diligence defense, and is merely forum shopping in order to avoid its clear liability to plaintiff for this loss.

Dated:    April 25, 2008

_____/S/_____
Steven P. Calkins